UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24862-Civ-COOKE/TORRES

MARIE CONTRERAS,

    Plaintiff,

vs.

AURORA LOAN SERVICES LLC and
NATIONSTAR MORTGAGE,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Marie Contreras ("Plaintiff"), proceeding *pro se*, brought an action in Florida state court against Defendant Aurora Loan Services, LLC a/k/a Nationstar Mortgage, LLC[1] ("Defendant"), alleging a quiet title claim and several other state causes of action. Defendant timely removed the action to federal court on the basis of diversity jurisdiction. *See* Aurora Loan Services LLC's Notice of Removal ("Notice of Removal"), ECF No. 1. In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 11), essentially arguing that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. Plaintiff filed her Response to Defendant's Motion to Dismiss Complaint ("Response") (ECF No. 15), to which Defendant filed its Reply Memorandum in Support of Motion to Dismiss Complaint ("Reply") (ECF No. 17). In response to Defendant's Reply, Plaintiff filed another Response to Defendant's Motion to Dismiss (ECF No. 18) which is identical to her initial Response (ECF No. 15). After reviewing Defendants' Motion, the Response and Reply thereto, the record, and relevant legal authorities, Defendants' Motion to Dismiss Plaintiff's Complaint is granted.

## I. BACKGROUND

According to Plaintiff's Complaint, she took title to a property located at 338 Falcon Avenue, Miami Springs, FL 33166 ("Property") via a warranty deed executed on May 31,

---

[1] Plaintiff identified Aurora Loan Services, LLC and Nationstar Mortgage LLC as two separate defendants in the caption of her state complaint; however, in the body of her complaint Plaintiff lists only one defendant as "Aurora Loan Services, LLC a/k/a Nationstar Mortgage LLC." Compl. ¶ 3, ECF No. 1-2. Defendant points out that only Aurora has been served and is in reality the only Defendant named in this action.

2005. Compl. ¶11, Ex. A, ECF No. 1-2. The warranty deed was recorded in the Official Records Book 23600, Page 1860 of the Public Records of Miami-Dade County, Florida on July 22, 2005 and described the Property with the following:

> The East 40 feet of Lot 18 and all of Lot 19, Block 58, CINEMA PARK ADDITION TO COUNTRY CLUB ESTATES, according to the Plat thereof, as recorded in Plat Book 17, at Page 2, of the Public Records of Miami-Dade County, Florida.
>
> a/k/a 338 Falcon Avenue, Miami Springs, Florida 33166
>
> Parcel Identification Number: 05–3118–016–1740

Ex. A, ECF No. 1-2. On June 21, 2005, Plaintiff executed a quitclaim deed transferring title to the Property to Angela Molina and Gustavo Mozo[2]. Compl. ¶14, Ex. C, ECF No. 1-2. The quitclaim deed, recorded in the Official Records Book 24229, Page 996 of the Public Records of Miami-Dade County, Florida on February 10, 2006, described the Property as:

> CINEMA PARK COUNTRY CLUB ESTS ADDN PB 17-2
> 338 Falcon AVE, Miami Springs, FL 33166
> FOLIO: 05–3118–016–1740

Ex. C, ECF No. 1-2. Angela Molina obtained a mortgage loan for the Property with a Mortgage Instrument dated March 7, 2007. *See* Compl. ¶15, Ex. B, ECF No. 1-2. Ms. Molina defaulted on her loan payments, a foreclosure action was filed where Plaintiff was not named as a party, and a foreclosure auction was held on January 9, 2013. Compl. ¶¶16, 17, 19, ECF No. 1-2. Defendant was awarded a Certificate of Title to the Property on June 21, 2013. Compl. ¶19, ECF No. 1-2.

Plaintiff filed her Complaint in the 11th Judicial Circuit of Florida on October 18, 2016. Defendant removed the case to federal court on November 21, 2016 on the basis of "diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b) because [P]laintiff Marie Contreras (Contreras) is completely diverse from the defendants named in this action and the amount in controversy exceeds $75,000.00." Notice of Removal, ECF No. 1. Plaintiff's Complaint raises four causes of action: Quiet Title (Count I); Wrongful Foreclosure (Count II); Negligence (Count III); Intentional Misrepresentation (Count IV); and Unjust Enrichment (Count V). Compl., ECF No. 1-2. At the heart of Plaintiff's Complaint is the belief the quitclaim deed did

---

[2] Both Angela Molina and Gustavo Mozo are named on the quitclaim deed; however, Plaintiff only names Angela Molina in her Complaint.

2

not legally convey the Property to Ms. Molina and, as a result, Plaintiff has been the legal titleholder to the Property since the warranty deed was executed, including when Ms. Molina obtained a mortgage, when the Property was foreclosed on, and when it was sold at the foreclosure auction.

## II. LEGAL STANDARD

In its Motion, Defendant does not identify under which Federal Rule of Civil Procedure they are requesting to dismiss the instant action nor which standard of review should be applied to review of the Complaint; Defendant merely claims that Plaintiff's legal arguments fail and "all claims must be dismissed with prejudice." Motion, 4, ECF No. 11. Defendant's Reply states Plaintiff's Complaint should be dismissed for "failure to state any viable claims." Reply, 1, ECF No. 17. However, after careful consideration of the Complaint (ECF No. 1-2), Motion (ECF No. 11), Response (ECF No. 15), and Reply (ECF No. 17), and as discussed in more detail below, it is clear Plaintiff lacks standing to bring this action. Therefore, the motion will be treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Standing is a threshold jurisdictional question. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "First and foremost, there must be alleged . . . an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." *Id.* (quoting *Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 772 (2000)). If a Plaintiff has not alleged an injury in fact, she has no Article III standing and a federal court is without jurisdiction over her complaint. *Id.*

A dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley*, 524 F.3d at 1232. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A court may not "speculate concerning the existence of standing or piece together support for the plaintiff." *Shotz v. Cates*, 256 F.3d

3

1077, 1081 (11th Cir. 2001) (quoting *Cone Corp. v. Florida Dept. of Transp.,* 921 F.2d 1190, 1210 (11th Cir.1991) (internal citations omitted)). On the other hand, factual attacks challenge the existence of subject matter jurisdiction using material outside of the complaint, such as testimony and affidavits. *McElmurray*, 501 F.3d at 1251. Defendant does not challenge any of the facts in the Complaint, simply Plaintiff's legal conclusions as applied to the facts. A dismissal for lack of subject matter jurisdiction should be entered without prejudice because it is not a judgment on the merits. *Stalley*, 524 F.3d at 1232.

### III. DISCUSSION

Defendant contends that the conveyance of the Property from Plaintiff to Ms. Molina and Mr. Gozo was, in fact, a valid conveyance and therefore Plaintiff had no legal interest in the Property at the time on which the Property was foreclosed. Both Parties appear to agree that Florida law applies to this action. *See* Complaint, ECF 1-2; Motion, ECF No. 11. Because this action was removed from state court on the basis of diversity jurisdiction, I agree. *Shapiro v. Associated Int'l Ins. Co.*, 899 F.2d 1116, 1118 (11th Cir. 1990) (A "district court, having obtained jurisdiction through diversity of citizenship, is bound to apply the substantive law of the state in which it is located.").

Under Florida law, "[t]o effect a valid conveyance of real property, a deed or other instrument must describe the property such that it is evident that a particular parcel, and not a different or unspecified one, is to be conveyed." *Mendelson v. Great Western Bank, F.S.B.,* 712 So.2d 1194, 1196 (Fla. Dist. Ct. App. 1998). Based on the facts as alleged in the Complaint, the description of the Property in the quitclaim deed was virtually identical to that found in the warranty deed—the only part missing in the quitclaim deed was the Lot description: "The East 40 feet of Lot 18 and all of Lot 19, Block 58." Ex. A, Ex. C, ECF No. 1-2. The street address, the parcel/folio number, and the plat book and page number clearly identified a particular parcel of real estate. As a result, the quitclaim deed description of the Property was more than sufficient to convey the Property effectively from Plaintiff to Ms. Molina, divesting Plaintiff of title to the Property. There is nothing else in the Complaint to suggest that the conveyance was anything other than a valid conveyance. As such, Plaintiff has no standing to bring any of the counts in her Complaint. While Defendant simply claims that the valid conveyance "eviscerates" all of Plaintiff's claims, I will briefly address the lack of standing for each count in her Complaint.

With respect to Plaintiff's quiet title count, in Florida a court cannot "invoke its inherent jurisdiction to quiet title or to remove a cloud from title unless the complainant first shows title to be in [her]self . . . [S]he who comes into equity to get rid of an apparent legal title as a cloud upon [her] own must show clearly the validity of [her] own title and the invalidity of [her] opponent's." *Atl. Beach Imp. Corp. v. Hall*, 197 So. 464, 466 (Fla. 1940). As discussed above, Plaintiff has not shown that she currently has title to the Property which would allow her to bring a quiet title action. As to the wrongful foreclosure claim, based on the facts alleged in the Complaint, Plaintiff validly conveyed her interest in the Property to Ms. Molina prior to the mortgage loan, foreclosure case, and foreclosure sale. She cannot therefore claim that she should have been a Party to the foreclosure case. *See Oakland Props. Corp. v. Hogan*, 96 117 So. 846, 848 (Fla. 1928) ("The owner of the legal title of land covered by a mortgage is a necessary party to a suit to foreclose the mortgage."). Nor was she a note holder or Party to the loan. *See* Complaint, ¶13, ECF No. 1-2. As such, she cannot sue under rights arising out of that contract when nothing in the Complaint alleges that she is an intended or actual third party beneficiary under the loan. See *Correa v. BAC Home Loans Servicing LP*, 853 F.Supp. 2d 1203, 1207 (M.D. Fla. 2012) (citing *cf. Taylor Woodrow Homes Fla., Inc. v. 4146—A Corp.*, 850 So.2d 536, 543–44 (Fla. Dist. Ct. App. 2003). Plaintiff has therefore suffered no injury from the alleged acts and has no standing to bring the remaining claims of negligence, intentional misrepresentation, and unjust enrichment, all of which arise out of the mortgage loan and foreclosure.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 11) is **GRANTED**. This case is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk of the Court shall **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 21st day of June 2017.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*